UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COUNTY OF VOLUSIA,

    Plaintiff,

v.                                                       Case No. 6:25-cv-272-JSS-LHP

JACKIE L. WARD, JR.,

    Defendant.
_____/

## ORDER

Defendant, Jackie L. Ward, Jr., a prisoner proceeding pro se, removed this action to this court. (*See* Dkt. 1.) Defendant has since moved to stay these proceedings. (Dkt. 7.) For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction, and Defendant's motion to stay is denied without prejudice.

Defendant is a state prisoner in the custody of the Volusia County Department of Corrections. (*See* Dkt. 1-1 at 2.) Plaintiff, the County of Volusia, sued Defendant for the costs of his incarceration pursuant to section 960.293, Florida Statutes. (*See id. passim*.) Defendant removed the case to this court under 28 U.S.C. § 1331 and 42 U.S.C. § 1983. (*See* Dkt. 1 at 2.) Defendant also moves to stay this case "[i]n light of settlement discussions" regarding "related" cases. (Dkt. 7.) The related cases include a lawsuit initiated by Defendant against a correctional officer, *Ward v. Norton*, 6:21-cv-1887-PGB-DCI (M.D. Fla.), which is currently stayed pending the defendant's

interlocutory appeal of the order denying his motion for summary judgment, *Ward. v. Norton*, No. 24-10914 (11th Cir.). (*Id.* at 1.) Defendant also cites the underlying state court case in this action, which he removed to this court, *Volusia v. Ward*, No. 2024-13374-CIDL. (*Id.*)

Defendant has not paid the filing fee. Although he has not moved for leave to proceed in forma pauperis, Defendant's failure to pay the filing fee is construed as an attempt to proceed as a pauper.

### A.  Preliminary Review Under 28 U.S.C. §§ 1915A and 1915(e)

A federal court must conduct an initial screening of certain civil suits brought by a party desiring to proceed in forma pauperis, *see* 28 U.S.C. §§ 1915(a)(1), 1915(e)(2)(b), as well as certain civil suits brought by a prisoner, 28 U.S.C. § 1915A(a), to determine whether the suit should proceed. This review is also required in the procedural context of a case removed from state court. *See, e.g.*, *Dep't of Revenue v. Daniel*, No. 8:23-cv-1109-SDM-AEP, 2023 WL 11877833, at *1 (M.D. Fla. Aug. 3, 2023) (reviewing pro se defendant's notice of removal under Section 1915(e)), *report and recommendation adopted by* 2023 WL 11877832 (M.D. Fla. Aug. 31, 2023).

Section 1915(e)(2) requires a district court to review the complaint of a plaintiff who seeks to proceed in forma pauperis and to dismiss the case if "the allegation of poverty is untrue" or "the action or appeal . . . is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." Similarly, a district court is required to dismiss a

prisoner's complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Under either statute, the court must liberally construe a plaintiff's pro se allegations, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and a complaint is frivolous if it is without arguable merit either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### B. Subject Matter Jurisdiction and Removal

A federal court has limited jurisdiction and is "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "If at any time before final judgment the district court issues an order remanding a case to state court because it lacks subject matter jurisdiction, that order is not reviewable." *Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007). "This bar on appellate review of subject-matter-jurisdiction remands applies regardless of whether the jurisdictional defect was present at the time of removal or arose after." *Thomas v. Phoebe Putney Health Sys., Inc.*, 972 F.3d 1195, 1201 (11th Cir. 2020).

Under 28 U.S.C. § 1441(a), a "civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." "A removing

defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

The Supreme Court has explained that

> only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (cleaned up). The subject of this inquiry is the plaintiff's claim, not the defendant's defense: "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre[]emption, even if the defense is anticipated in the plaintiff's complaint." *Id.* at 393.

However, there is an exception to the well-pleaded complaint rule—the doctrine of complete preemption. *Poet Theatricals Marine, LLC. v. Celebrity Cruises, Inc.*, No. 21-10410, 2023 WL 3454614, at *3 (11th Cir. May 15, 2023). Under this doctrine, "a complaint that (on its face) raises only state-law claims can still be removed 'when a federal statute wholly displaces the state-law causes of action through complete preemption.'" *Id.* (cleaned up) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)). The "dispositive question" is whether "Congress intended the federal cause of action to be exclusive"—"[i]f so, any state-law claim falling within that exclusive

federal cause of action 'necessarily arises under federal law,' rendering the case 'removable.'" *Id.* (quoting *Anderson*, 539 U.S. at 9 & n.5.). "Complete preemption is 'rare.'" *Id.* at *4 (quoting *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1260 n.16 (11th Cir. 2011)).

Moreover, "it's not enough to say that a federal statute completely preempts state law. Instead, a removing party relying on complete preemption must also show that the plaintiff's state-law claim falls within the federal statute's exclusive cause of action. It's only then that the claim is completely preempted, offering a basis for removal." *Id.* at *4. To make that showing, the removing defendant must show that the plaintiff, "at some point in time, could have brought the state-law claim under that exclusive federal cause of action." *Id.* (cleaned up) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)).

**C. Analysis**

Defendant argues this action is properly in federal court under federal question jurisdiction, 28 U.S.C. § 1331, which grants district courts subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." (Dkt. 1 at 2.)[1] He claims that Plaintiff filed suit for costs of incarceration in

---

[1] Defendant does not argue that subject matter jurisdiction exists due to diversity of citizenship, nor can he, as the parties do not satisfy the prerequisites for diversity jurisdiction. "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds . . . $75,000." *Beavers v. A.O. Smith Elec. Products Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) (quotation omitted). Plaintiff is a citizen of Florida. *See Moor v. Alameda County*, 411 U.S. 693, 717–18 (1973) ("[I]t is well settled that for purposes of diversity of citizenship, political subdivisions are citizens of their respective States." (quotation omitted)), and Defendant does not challenge Plaintiff's allegation that he is a resident of Florida. (*See* Dkt. 1-1 at 2.) Thus, it appears that the parties are not diverse. Moreover, Plaintiff seeks costs for Defendant's incarceration of 1,018 days (as of the date the

retaliation for Defendant's prosecution of *Ward v. Norton*, 6:21-cv-1887-PGB-DCI, in violation of section 1983 and his First Amendment rights. (Dkt. 1 at 3–8.) Defendant also argues that section 1983 preempts section 960.293, the law under which Plaintiff sued him, which provides that "[u]pon conviction, a convicted offender is liable to the state and its local subdivisions for damages and losses for incarceration costs and other corrections costs." Fla. Stat. § 960.293(2). Accordingly, Defendant appears to claim federal question jurisdiction on the basis of a federal defense, but, as stated, "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre[]emption." *Williams*, 482 U.S. at 393.

Nor does the complete preemption doctrine confer subject matter jurisdiction over this case. The court need not decide whether section 1983 preempts section 960.293 because Defendant cannot show that Plaintiff could have brought its claim for costs of incarceration under section 1983. No cause of action exists under section 1983 for damages for the costs of Defendant's incarceration, and as such, this action must be remanded. *See Poet Theatricals Marine*, 2023 WL 3454614, at *6 (affirming the district court's decision to remand the case to state court where the defendant could not show that "the plaintiff could have brought its claim under the exclusive federal cause of action" of the federal law at issue there).

---

action was initiated), at $50 per day, (*id.* at 2–3), which equals $50,900. Accordingly, the amount in controversy requirement is not satisfied.

Defendant's attempt to remove this action to federal court based on a federal defense fails. "In such a case, the proper approach is to 'assert preemption as a defense' in state court, not to 'remove the case to federal court.'" *Id.* at *7 (alterations adopted) (quoting *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1344 (11th Cir. 2009)). If Defendant desires to challenge the constitutionality of Plaintiff's action against him for the costs of incarceration in federal court, he must seek another legal avenue to do so. *See Hankins v. Finnel*, 964 F.2d 853, 861 (8th Cir. 1992) ("We thus conclude that section 1983 preempts the Missouri Incarceration Reimbursement Act as it is applied in this case. To the extent that the Act permits the State to recoup the very monies it has paid to satisfy a section 1983 judgment against one of its employees, the Act is invalidated under the Supremacy Clause.").

Accordingly:

1. The Clerk is **DIRECTED** to remand this case to the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida, Case Number 2024-13374-CIDL; to forward a certified copy of this Order to that court; to terminate any motions and deadlines pending in this case; and to close the case file.

2. Defendant's Motion for Stay of Proceedings (Dkt. 7) is **DENIED without prejudice** to Defendant's right to raise this motion before the state court.

**ORDERED** in Orlando, Florida, on April 10, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party

- 8 -

**ORDERED** in Orlando, Florida, on April 10, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party